UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VALERIE JOHNSON                                                          CIVIL ACTION

VERSUS                                                                          NO. 15-4811

SOCIAL SECURITY ADMINISTRATION                            SECTION "E" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA").  The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.     BACKGROUND

This appeal concerns plaintiff's fourth application for benefits to defendant.  This time, plaintiff filed an application for SSI on September 25, 2012, alleging a disability onset date of July 1, 2006. (Adm. Rec. at 144-49).  Plaintiff alleged disability due to "neuro scleridosis" [sic], bipolar, high blood pressure, and "mass on brain."  (*Id.* at 165).[1]  Plaintiff, born on July 5, 1968, was 38 years old on the date on which she alleged disability and 46 years old at the time of the final administrative decision.  (*Id.* at 205).  Plaintiff has a high-school education.  (*Id.* at 166).  Plaintiff has past work experience in janitorial services and as a teacher to three- to five-year old students.  (*Id.*).

Defendant initially denied plaintiff's application on December 4, 2012 and on reconsideration on February 11, 2013. (*Id.* at 108-11, 115). Plaintiff sought an administrative

---

[1]     The Court thinks that plaintiff meant neurosarcoidosis.

hearing, which defendant held on February 25, 2014. (*Id.* at 62-88).  Plaintiff and a vocational expert ("VE"), Kelly Hutchins, testified at the hearing.

On August 8, 2014, the ALJ issued a decision in which she found that plaintiff had not been disabled since September 19, 2012. (*Id.* at 18-33).  In the decision, the ALJ concluded that plaintiff has the severe impairments of affective disorder, anxiety disorder, degenerative disc disease of the cervical, thoracic, and lumbar spine, migraines, obesity, and neurosarcoidosis.  (*Id.* at 16).  The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.  (*Id.* at 21).  The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) except that she can not climb ladders, ropes, or scaffolds; and she can occasionally climb ramps and/or stairs; stoop, crouch, and crawl; she can not be exposed to heights or hazards and is limited to simple routine tasks; she can occasionally interact with the public and while she can work in close proximity to others, she must work independently, and not in a team.  (*Id.* at 24).  The ALJ concluded that plaintiff can not perform her past relevant work.  (*Id.* at 23).  At step five of the sequential evaluation, however, the ALJ concluded that plaintiff can perform jobs that exist in significant numbers in the national economy, such as a mail sorter, a bench assembler, or a linen folder.  (*Id.* at 32).  The ALJ thus denied plaintiff SSI.  (*Id.* at 33).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 12).  On September 4, 2015, the Appeals Council denied plaintiff's request.  (*Id.* at 1-6). Plaintiff then timely filed this civil action.

**II.    STANDARD OF REVIEW**

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.   *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.   *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.  *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.   *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.   *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court

3

must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

4

> mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV.   ISSUE ON APPEAL

There is one issue on appeal:

5

> (1) Whether substantial evidence supports the ALJ's consideration of the medical assessment of plaintiff's treating physician, Dr. Roger Anastasio.

## V. ANALYSIS

**1. Whether substantial evidence supports the ALJ's consideration of the medical assessment of plaintiff's treating physician, Dr. Roger Anastasio.**

Plaintiff argues that the ALJ did not address Anastasio's medical assessment. Anastasio's opinion was submitted subsequent to the oral hearing (as Exhibit 32F) but five months before the date of the ALJ's decision. A review of the ALJ's opinion, however, reveals that the ALJ did, in fact, acknowledge Anastasio's assessment but found it inconsistent with the medical record. (Adm. Rec. at 30 (citing Exhibits 25F and 32F)). The ALJ was not required to perform a formal evaluation of the assessment because she found that it directly contradicted other first-hand medical evidence – even the earlier opinions of Anastasio himself, as noted below. *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) (holding that an ALJ need not articulate good cause for rejecting a treating physician's opinion "where there is competing first-hand medical evidence"). Therefore, the Court finds that the ALJ properly evaluated Anastasio's assessment, and, as outlined below, substantial evidence supports the ALJ's opinion.

The ALJ determined that Anasatasio's report and other substantial evidence did not support a finding of disability. (*Id.* at 21-31). For instance, Anastasio examined plaintiff on seven occasions from December 2012 to November 2013 and, at every examination, found few functional limitations attributable to a mental impairment. (*Id.* at 27-28). In fact, Anastasio consistently noted normal articulation, no tangentiality, no looseness or flight of ideas, normal thought processes, normal thought content, normal orientation, no hallucinations, fair to adequate self-esteem, fair to adequate attention and concentration, adequate judgment, adequate insight, and intact memory.

6

(*Id.* at 27-28, 736, 739, 742, 744, 746, 749, 752). Given the minimal findings, the ALJ gave plaintiff the benefit of the doubt by limiting her to simple work, independent work, and only occasional interaction with the public. (*Id.* at 24). The Court finds that Anastasio's treatment notes do not support additional limitations.

Three weeks after the hearing, Anastasio completed a medical assessment that indicated severe, disabling limitations that conflicted significantly with his treatment notes. (*Id.* at 754-55). Given that Anastasio completed the assessment after the hearing on March 17, 2014 (*id.* at 755), it appears that Anastasio completed this assessment at the behest of plaintiff's disability attorney for the purpose of supporting plaintiff's disability claim. As a result, the medical assessment is not an objective assessment and is entitled to diminished weight. *Harrell*, 862 F.2d, 471, 482 (5th Cir. 1988); *Bienemy v. Astrue*, Civ. A. No. 11-616, 2012 WL 910229 at *8 (E.D. La. Feb. 13, 2012) (holding that a form completed two days prior to hearing "raises the spectre that it was prepared in anticipation of litigation and is thus entitled to diminished weight"). Thus, Anastasio's assessment is an adversarial document of little probative value relative to his treatment notes, which, as noted, contain multiple opinions indicating few abnormalities.

The assessment itself conflicts significantly with the treatment notes. The assessment indicates "marked" difficulty in plaintiff's ability to understand, carry out, and remember instructions, yet Anastasio consistently found normal memory and thought processes at his examinations. (Adm. Rec. at 27-28, 736, 739, 742, 744, 746, 749, 752). The assessment indicates "frequent" deficiencies of concentration, persistence, or pace, yet Anastasio always found fair to adequate attention and concentration at his examinations. (*Id.*). The assessment indicates "marked" difficulties in plaintiff's ability to respond appropriately to co-workers and supervisors, yet

7

Anastasion continuously found normal articulation and normal judgment and insight. (*Id.*). A medical opinion is entitled to little or no weight when it conflicts with the opining physicians own treatment notes. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (finding that the ALJ properly rejected treating physician's opinion because the opinion conflicted with other first-hand medical evidence, including the physician's own records); *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (holding that the ALJ may reject a physician's opinion if the doctor is "leaning over backwards" to support the claim of disability).

     Lastly, the Court notes that the ALJ was wholly entitled to give little or no weight to the medical assessment submitted by Anastasio. This assessment was no more than a form on which Anastasio circled "NONE," "MILD," "MODERATE," "MARKED," or "EXTREME." Anastasio provides no reason why he circled each box under each limitation. It is well-established law that the ALJ is entitled to accord little or even no weight to similar "check-the-box" forms. *Rollins v. Astrue*, 464 F. Appx. 353, 357 n.5 (5th Cir. 2012) (noting that "check-the-box" forms without additional explanations might be given less weight but reserving that determination for the ALJ); *Foster v. Astrue*, 410 F. Appx. 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination. . ."); *Nguyen v. Colvin*, No. 4:13-CV-2957, 2015 WL 222328, at *9 (S.D. Tex. Jan. 14, 2015) (finding a treating physician's unsupported, check-the-box questionnaire regarding disability typifies the "brief and conclusory" statements that an ALJ may disregard under the good-cause exception to the treating-physician rule); *Luckey v. Colvin*, No. 4:14-cv-594-CAN, 2016 WL 429962, at *7 (E.D. Tex. Feb. 4, 2016) ("medical opinions expressed via "check-the-box" forms (such as portions of Dr. Stuart's

questionnaire) without additional explanation may be given less weight by the Commissioner in making its disability determinations."). Accordingly, the ALJ was entitled to accord little weight to Anastasio's assessment here.

Substantial evidence supports the ALJ's finding that the treatment notes indicate that the plaintiff was not disabled, and the ALJ properly relied on these records in her decision. Plaintiff can not meet her burden of proof by ignoring unfavorable evidence and by making bare assertions that the ALJ should have found in her favor. *See Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990) (stating that a plaintiff must set forth the reasons she deserves relief with citation to the authorities, statutes and parts of the record relied on). Plaintiff's arguments fail.

## VI.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of September, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

10